**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael Y. Jung, State Bar No. 245260
Email: *jung@luch.com*
225 South Lake Avenue, Suite 200
Pasadena, California  91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiff, Trustees of the
Operating Engineers Pension Trust

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST,<br><br>        Plaintiff,<br><br>    vs.<br><br>GOOSECREEK, LLC, a Nevada limited liability company doing business as "Lochsa Surveying,"<br><br>        Defendant. | CASE NO.:  2:14-cv-6675<br><br><br>**COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY**<br>**[Sections 4301 and 502(e) of ERISA, 29 U.S.C. §§ 1451 and 1132(e)]** |

### JURISDICTION AND VENUE

1.     This Court has jurisdiction of this case pursuant to sections 502(a)(3) and (e)(1), and 4301(b) and (c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §§ 1132(a)(3) and (e)(1) and 1451(b) and (c)].

2.     Section 4301(c) of ERISA [29 U.S.C. § 1451(c)] grants the United States District Courts exclusive jurisdiction over civil actions brought to enforce withdrawal liability obligations.  Such jurisdiction exists without respect to the amount in controversy.

/ / /

/ / /

850145

3.     Venue is conferred upon this Court by ERISA sections 4301(d) and 502(e)(2).  [29 U.S.C. §§ 1451(d) and 1132(e)(2)].  Where an action is brought under sections 4301 and 502 of ERISA [29 U.S.C. §§ 1451 and 1132] in a district court of the United States, it may be brought, in the district where the plan is administered. The Trust, on whose behalf the Trustees bring this action, is administered in this district by an administrative corporation with its principal place of business located in Pasadena, California.  Thus, jurisdiction and venue are properly grounded with this Court.

## **PARTIES**

4.     Plaintiff (the "Trustees") are the trustees of the Operating Engineers Pension Trust ("Pension Trust"), an express trust created pursuant to a written declaration of trust ("Trust Agreement") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada.  The Pension Trust is now, and was at all times material to this action, an "employee pension benefit plan" as defined in Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1002(2)], a "multiemployer plan" as defined in Section 3(37) and Section 4001(a)(3) of ERISA [29 U.S.C. § 1002(37) and 1301(a)(3)], and a labor-management multiemployer trust created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

5.     The Trustees are "fiduciar[ies]" with respect to the Pension Trust as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)] and collectively as the Board of Trustees are the "plan sponsor" within the meaning of Sections 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA [29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)].

6.     The Trustees are informed and believe, and thereon allege, that at all times material herein defendant Goosecreek, LLC, (hereinafter "Goosecreek") has been a limited liability company duly organized and existing by virtue of the laws of

850145

the State of Nevada doing business as "Lochsa Surveying," with its principal place of business located in Las Vegas, Nevada.

## CLAIM FOR RELIEF

### *For Payment of Entire Withdrawal Liability*

7.    The Trustees hereby incorporate by reference paragraphs 1 through 6 above to the same effect as if set forth here verbatim.

8.    Goosecreek was a participating employer in, and paid contributions to, the Pension Trust pursuant to a written collective bargaining agreement ("Agreement") between Goosecreek and Local 12.  Local 12 is a "labor organization" as defined in Section 2(5) of the National Labor Relations Act [29 U.S.C. § 152(5)] that represents employees in an industry affecting interstate commerce.

9.    The Trustees are informed and believe and thereon allege that in or around May 2010, Goosecreek ceased to have an obligation to contribute to the Pension Trust pursuant to the Agreement and continued to perform work of the type previously covered by the Agreement, thereby effected a "complete withdrawal" within the meaning of Section 4203(b)(2) of ERISA [29 U.S.C. § 1383(b)(2)].

10.    By letter dated June 17, 2013, the Pension Trust notified Goosecreek and assessed withdrawal liability of $747,244.38 against Goosecreek pursuant to Sections 4201 *et seq.* of ERISA [ 29 U.S.C. §§ 1381 *et seq.*].  The assessment of withdrawal liability allowed Goosecreek to pay the $747,244.38 in 41 quarterly installment payments of $19,768.16 each and a final  payment of $10,915.21, with the first quarterly installment due on July 17, 2013.  The amounts were calculated in accordance with Section 4211 of ERISA [29 U.S.C. § 1391].

11.    Pursuant to Section 4219(b)(2) of ERISA [29 U.S.C. § 1399(b)(2)], Goosecreek had the option of challenging the calculation and assessment of the withdrawal liability by requesting a review by the Pension Trust within ninety (90) days after Goosecreek received the assessment of withdrawal liability.  Pursuant to Section 4221(a) of ERISA [29 U.S.C. § 1401(a)], any dispute concerning a

determination of withdrawal liability must be resolved through arbitration, provided that arbitration was timely initiated under Section 4221(a).

12.     Goosecreek paid one quarterly installment payment of $19,768.16, but by letter dated August 30, 2013, Goosecreek advised the Trustees that it was unable to pay the full quarterly installment payments of $19,768.16, and thereafter paid only four monthly installments of $5,000.00 each.

13.     By letter dated December 11, 2013, the Trustees notified Goosecreek that it was delinquent to the Trust for the balance of its quarterly monthly installment payments due for August 2013 through December 2013, totaling $83,840.80, and that its failure to correct the delinquency within sixty (60) days would result in default under Section 4219(c)(5) of ERISA [29 U.S.C. § 1399(c)(5)] and the entire remaining balance of its withdrawal liability would be accelerated and become immediately due and payable.  As of the date of this complaint, no further payment has been made by Goosecreek and the sixty (60) day period for cure has lapsed.  Goosecreek is therefore in default under Section 4219(c)(5) of ERISA.

14.     In the event of default, the Pension Trust may accelerate withdrawal liability pursuant to Section 4219(c)(5) of ERISA.  The Trustees seek judgment against Goosecreek for the entire amount of outstanding withdrawal liability due in the sum of $707,476.22, plus interest accruing thereon pursuant to Section 4219(c)(5) of ERISA.

15.     As of the date of this complaint, Goosecreek has not requested review of, or disputed, the Pension Trust's withdrawal liability determination.

16.     As of the date of this complaint, Goosecreek has not initiated arbitration pursuant to Section 4221(a) of ERISA.

17.     The Trustees have had to retain the law firm of Laquer, Urban, Clifford and Hodge LLP to collect the withdrawal liability and related amounts owed by Goosecreek.

/ / /

850145

18.     Pursuant to Section 4301(b) of ERISA [29 U.S.C. § 1451(b)], the failure to timely pay assessed withdrawal liability shall be treated in the same manner as a delinquent contribution within the meaning of Section 515 of ERISA [29 U.S.C. § 1145]. Accordingly, Goosecreek is also liable to the Trustees for liquidated damages, interest and attorneys' fees and costs pursuant to Section 502(g)(2)(B), (C) and (D) of ERISA [29 U.S.C. § 1132(g)(2)(B), (C) and (D)]. The Agreement provides that any employer who is delinquent in paying contributions to the Pension Trust shall also pay the Pension Trust liquidated damages assessed at ten percent (10%) of the amount of unpaid contributions. Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. §1132(g)(2)(E)], the Court may also award the Trustees appropriate other legal or equitable relief.

## **PRAYER**

**WHEREFORE**, as to all Claims for Relief, the Trustees pray for judgment against Goosecreek as follows:

1.     For unpaid withdrawal liability in the amount of $707,476.22;

2.     For interest on the defaulted unpaid withdrawal liability from the due date of the first withdrawal liability to the date paid pursuant to Sections 502(g)(2)(B) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(B) and 1451(b)], at the rates provided for under section 6621 of the Internal Revenue Code of 1986, as amended, [26 U.S.C. § 6621], or at the legal rate, in amounts as proved;

3.     For an amount equal to the greater of (1) the interest owed on the withdrawal liability or (2) liquidated damages assessed at ten percent (10%) of the assessed and unpaid withdrawal liability, pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA [29 U.S.C. §§ 1132(g)(2)(C) and 1451(b)];

4.     For the Trustees' reasonable attorneys' fees and costs of suit incurred, in amounts as proved; and

/ / /

/ / /

850145

1         5.     For such additional relief as this Court deems just and proper pursuant to

2    Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)].

3

4    Dated: August 26, 2014        Respectfully Submitted,

5                      **LAQUER URBAN CLIFFORD & HODGE LLP**

6

7                      By: /S/ *Michael Y. Jung*

8                         MICHAEL Y. JUNG
                     Counsel for Plaintiff, Trustees of the Operating

9                         Engineers Pension Trust

10

11

12                      **WAIVER OF JURY TRIAL**

13         Plaintiff hereby waives a jury trial in this action.

14

15    Dated: August 26, 2014        **LAQUER URBAN CLIFFORD & HODGE LLP**

16

17                      By: /S/ *Michael Y. Jung*
                     MICHAEL Y. JUNG

18                         Counsel for Plaintiff, Trustees of the Operating
                     Engineers Pension Trust

19

20

21

22

23

24

25

26

27

28

COMPLAINT

850145